**REISS, Plaintiff, v. COURT OF COMMON PLEAS et, Defendants.**

Ohio Appeals, Second District, Franklin County.

No. 4659.  Decided January 25, 1952.

Emile Reiss, Columbus, for plaintiff.
Richard W. Gordon, City Atty., John Robert Jones, James E. Hale, Columbus, for defendants.

## OPINION

By THE COURT.

This is submitted on demurrer to the petition and motion filed herein for the reason that the same do not allege facts sufficient to constitute a cause of action. The record reveals that this is an original action in which the plaintiff is seeking a writ of prohibition enjoining the defendant, Hon. Joseph M. Harter, a Judge of the Court of Common Pleas for Franklin County, Ohio, from hearing, adjudicating and/or proceeding to hear the petition of the City of Columbus, Ohio, which is seeking injunctive relief against the Columbus Transit Company, for the reason that this plaintiff had filed a similar case prior to that of the City of Columbus, the plaintiff's case being No. 183,013 in the Common Pleas Court, and that of the City of Columbus being case No. 183,306. It is urged that since the plaintiff's petition was filed first in the Common Pleas Court that the Court should have issued an injunction in his case and therefore did not have jurisdiction to issue an injunction in case No. 183,306 which was instituted by the City of Columbus. Since the plaintiff admits that the Court had jurisdiction in his case, which seeks the same relief as that of the City of Columbus, it must follow that he admits the jurisdiction of the Court in the second case. But it appears that he is urging that it was improperly invoked. The petition alleges that the Court was advised concerning the two actions and that this plaintiff opposed the issuing of the injunction in the latter case. It would therefore appear that the trial Court passed upon its own jurisdiction in the matter When

the party asking for a writ of prohibition against a court competent to pass upon its own jurisdiction has submitted to such court the question of jurisdiction, the writ should be denied, although such court has erroneously decided that it has jurisdiction, if the ordinary and usual remedies provided by law, such as appeal or proceedings in error, are adequate and available. 32 O. Jur., Sec. 20, p. 582. It is well settled that a writ of prohibition is not available as a substitute for error proceedings and does not lie to prevent an erroneous decision in a case in which the court is authorized to adjudicate. 32 O. Jur. 24, p. 586; State, ex rel Garrison v. Brough, 94 Oh St 115. The demurrer will be sustained.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.